# THE UNITED STATES DISTRICT COURT
# FOR THE WESTERN DISTRICT OF NORTH CAROLINA

Civil Action No.: 3:21-cv-00459-FDW-DCK

| | |
|---|---|
| SCOTT E. DIMMICK and<br>JODIE C. DIMMICK,<br><br>               Plaintiffs,<br><br>vs.<br><br>PARTNERS INSURANEC AGENCY,<br>INC., EMERSON L. DIMMICK and<br>KAREN A. DIMMICK,<br><br>               Defendants. | **ANSWER** |

**NOW COMES** Defendants Partners Insurance Agency, Inc., Emerson L. Dimmick and Karen A. Dimmick (collectively "Defendants") responding to the Complaint and sets forth as follows:

### FIRST DEFENSE AND ANSWER

**PURSUANT** to Rules 8 and 12(a) of the Federal Rules of Civil Procedure, Defendants answer the Plaintiffs' Complaint as follows:

1. Admitted.

2. Admitted.

3. Admitted.

4. Admitted.

5. Admitted.

6. The allegations contained in Paragraph 6 are a conclusion of law and no response is required. To the extent a response is required, the same are, therefore, denied.

7. Denied.

8. It is admitted that the face of Plaintiff's Complaint asserts claims for equitable relief and monetary relief in excess of $75,000.00. Except as expressly admitted, denied.

9. Defendants reallege and incorporate their responses to Paragraphs 1-8 above as if set forth fully herein.

10. It is admitted that Plaintiff Scott E. Dimmick and Defendant Emerson L. Dimmick were shareholders of Stanly Insurance Services, LLC. Except as expressly admitted, denied.

11. It is admitted that the Agreement attached to Plaintiffs' Complaint as Exhibit A ("Agreement") is in writing and speaks for itself. To the extent the allegations contained in Paragraph 11 conflict with the contents thereof, those allegations are denied. Except as expressly admitted, denied.

12. It is admitted that Defendants Emerson L. Dimmick and Karen A. Dimmick (collectively "Individual Defendants") signed the Agreement and are identified as "Sellers" in the Agreement. Except as expressly admitted, denied.

13. It is admitted that the Agreement is in writing and speaks for itself. To the extent the allegations contained in Paragraph 13 conflict with the contents thereof, those allegations are denied. Except as expressly admitted, denied.

14. It is admitted that the Agreement is in writing and speaks for itself. To the extent the allegations contained in Paragraph 14 conflict with the contents thereof, those allegations are denied. Except as expressly admitted, denied.

15. It is admitted that Defendant Partners Insurance Agency, Inc ("Defendant Partners") ceased making payments to Plaintiffs. Except as expressly admitted, denied.

16. Denied.

17. It is admitted that any alleged email is in writing and speaks for itself. To the extent the allegations contained in Paragraph 17 conflict with the contents thereof, those allegations are denied. Except as expressly admitted, denied.

18. Denied.

19. Denied.

20. Denied.

21. It is admitted the Agreement is in writing and speaks for itself. To the extent the allegations contained in Paragraph 21 conflict with the contents thereof, those allegations are denied. Except as expressly admitted, denied.

22. It is admitted that payments were made on the life insurance policy. Except as expressly admitted, denied.

23. Denied.

24. It is admitted the life insurance payments were made. Except as expressly admitted, denied.

25. Denied.

26. Defendants reallege and incorporate their responses to Paragraphs 1-25 above as if set forth fully herein.

27. The allegations contained in Paragraph 27 are a conclusion of law and no response is required. To the extent a response is required, the same are, therefore, denied.

28. Denied.

29. Denied.

30. Denied.

31. Defendants reallege and incorporate their responses in Paragraphs 1-30 above as if set forth fully herein.

32. Denied.

33. Denied.

34. Denied.

35. Defendants reallege and incorporate their responses in Paragraphs 1-34 above as if set forth fully herein.

36. Denied.

37. Denied.

## SECOND DEFENSE
## MOTION TO DISMISS

**PURSUANT** to Rule 12(b)(6) of the Federal Rules of Civil Procedure, Defendants respectfully move this Court for a dismissal in that Plaintiffs' Complaint fails to state a claim upon which relief may be granted.

## THIRD DEFENSE
## AFFIRMATIVE DEFENSE

**PURSUANT** to Rule 8 of the Federal Rules of Civil Procedure, Defendants set forth the defense of unclean hands.

## FOURTH DEFENSE
## AFFIRMATIVE DEFENSE

**PURSUANT** to Rule 8 of the Federal Rules of Civil Procedure, Defendants set forth the defense of lack of any unjust enrichment by Individual Defendants.

## FIFTH DEFENSE
## AFFIRMATIVE DEFENSE

**PURSUANT** to Rule 8 of the Federal Rules of Civil Procedure, Defendants set forth the defense of lack of any interference by Individual Defendants in any contract between Plaintiffs and Defendant Partners.

## SIXTH DEFENSE
## AFFIRMATIVE DEFENSE

**PURSUANT** to Rule 8 of the Federal Rules of Civil Procedure, Defendants set forth the defense that performance under the Agreement was excused by virtue of Plaintiffs' material breach of the same.

## SEVENTH DEFENSE
## AFFIRMATIVE DEFENSE

**PURSUANT** to Rule 8 of the Federal Rules of Civil Procedure, Defendants set forth the defense of a lack of any breach of contract.

## EIGHTH DEFENSE
## AFFIRMATIVE DEFENSE

**PURSUANT** to Rule 8 of the Federal Rules of Civil Procedure, Defendants set forth the defense that any award to Plaintiffs should be offset by amounts owed to Individual Defendants as "Sellers" under the Agreement.

## NINTH DEFENSE
## AFFIRMATIVE DEFENSE

**PURSUANT** to Rule 8 of the Federal Rules of Civil Procedure, Defendants set forth and preserve any and all other defenses and other affirmative defenses that may arise based on information hereafter discovered.

# TENTH DEFENSE
# JUDGMENT ON THE PLEADINGS

**PURSUANT** to Rule 12(c) of the Federal Rules of Civil Procedure, Defendants move for Judgment on the Pleadings.

# COUNTERCLAIMS OF INDIVIDUAL DEFENDANTS AGAINST PLAINTIFFS

**PURSUANT** to Rules 7 and 13 of the Federal Rules of Civil Procedure, Individual Defendants set forth counterclaims against Plaintiffs and in support thereof allege and set forth as follows:

# FACTS

1. Individual Defendants reallege and incorporate their responses to the allegations in Plaintiffs' Complaint and Defendants' affirmative defenses above as if set forth fully herein.

2. Plaintiff Scott E. Dimmick and Defendant Emerson L. Dimmick started Stanly Insurance Services, LLC ("SIS") in 2006.

3. SIS was formed with equal ownership between Plaintiff Scott E. Dimmick and Defendant Emerson L. Dimmick by oral agreement whereby each held a one-half (1/2) interest in the business and its profits ("Profit Agreement").

4. Plaintiff Scott E. Dimmick demanded that he be reimbursed for his capital contributions to the start of the business before Defendant Emerson L. Dimmick would be permitted to receive any profits from SIS.

5. Plaintiff Scott E. Dimmick did, in fact, secure repayment of his contributions prior to Defendant Emerson L. Dimmick receiving any funds from SIS.

6. After Plaintiff Scott E. Dimmick secured repayment of his contributions, he then demanded that SIS purchase for him a Porsche and for SIS to pay all costs associated with ownership of the vehicle.

7. SIS did purchase Plaintiff Scott E. Dimmick a Porsche prior to repaying any of Defendant Emerson L. Dimmick's contributions.

8. In an effort to appease Defendant Emerson L. Dimmick, Plaintiff Scott E. Dimmick made promises that SIS would also purchase Defendant Emerson L. Dimmick a luxury vehicle.

9. During the course of conduct as described in paragraphs 3-8 above, Plaintiff Scott E. Dimmick and Defendant Emerson L. Dimmick understood the terms of the Profit Agreement to include that Plaintiff Scott E. Dimmick would be permitted to profit from the operation of SIS initially, but that Defendant Emerson L. Dimmick would thereafter be entitled to receive the same benefits first accorded to Plaintiff Scott E. Dimmick.

10. Plaintiff Scott E. Dimmick never followed through on this promise to share profits, purchase Defendant Emerson L. Dimmick a luxury vehicle, or otherwise ensure Defendant Emerson L. Dimmick ultimately received an equal share of the SIS profits pursuant to the Profit Agreement.

11. At all relevant times, Defendant Emerson L. Dimmick was primarily responsible for the day to day operations of SIS, and Plaintiff Scott E. Dimmick made no meaningful contributions to the operation of SIS.

12. Despite Defendant Emerson L. Dimmick's work, SIS did not pay Defendant Emerson L. Dimmick a salary or any form of compensation from 2006 to 2016, meanwhile Plaintiff Scott E. Dimmick retained all the profits.

13. In 2016, Plaintiff Scott E. Dimmick agreed to pay Defendant Emerson L. Dimmick $500,000.00 over five years to compensate him for his continued work for SIS ("Compensation Agreement").

14. The Compensation Agreement was a separate and distinct agreement from the Profit Agreement and was meant to compensate Defendant Emerson L. Dimmick for the value of his work as an employee of SIS.

15. Plaintiff Scott E. Dimmick did make the agreed upon payments to Defendant Emerson L. Dimmick in 2016 and 2017 for $100,000 each, but failed to make timely payments in 2018, 2019, and 2020.

16. The Agreement does not contain the "Entire Agreement" of the Parties as appears in Paragraph 8.e. of the same.

17. The conduct of parties in the performance of the Agreement and the operation of SIS makes clear there were understandings and agreements that were not incorporated into the written Agreement and are enforceable among the parties including, without limitation, the Profit Agreement and the Compensation Agreement.

18. Specifically, payments pursuant to the Agreement were remitted solely to Plaintiffs and no payments were made to Individual Defendants as "Sellers" under the Agreement.

19. In the event the Agreement does contain the "Entire Agreement," the following are true based upon a fair reading of the four corners of the Agreement:

    a. Pursuant to the Agreement, Individual Defendants are identified as "Sellers."

    b. Pursuant to the Agreement, Defendant Partners is the sole entity identified as "Buyer."

c. Plaintiffs' Complaint concedes that the initial lump payment of $385,372.00 was made to Plaintiffs.

d. Plaintiffs' Complaint concedes that an additional $210,000.00 in payments have been made in monthly installments to Plaintiffs.

e. Of this $595,372.00, Plaintiffs have retained the entire amount and not provided any funds to the other "Sellers" (i.e. Individual Defendants).

f. Individual Defendants, as Sellers, are entitled to receipt of an equal share of the proceeds of the Agreement, which would be $297,686.00, and Individual Defendants were entitled to immediate possession of their equal share upon payment by Defendant Partners.

g. Plaintiffs have unjustifiably retained the $297,686.00 for their own use and enjoyment and which belongs to Individual Defendants.

h. Individual Defendants' one-half (1/2) share of the Purchase Price is $552,686.00, but have received no proceeds to date.

## COUNT ONE
## BREACH OF CONTRACT
## (Compensation Agreement)

20. Individual Defendants reallege and incorporate their responses to the allegations in Plaintiff's Complaint, Defendants' affirmative defenses and paragraphs 1-19 of these Counterclaims above as if set forth fully herein.

21. A valid contract exists between Plaintiff Scott E. Dimmick and Defendant Emerson L. Dimmick in the form of the Compensation Agreement.

22. Defendant Emerson L. Dimmick performed in accordance with the Compensation Agreement.

23. Plaintiff Scott E. Dimmick has failed to abide by one or more material terms of the Compensating Agreement and has breached the Compensation Agreement.

24. Plaintiff Scott E. Dimmick's failure to pay the remaining $300,000.00 owed to Defendant Emerson L. Dimmick is a breach of the Compensating Agreement.

25. As a direct and proximate result of Plaintiff Scott E. Dimmick's material breach, Defendant Emerson L. Dimmick has suffered damages in the amount of $300,000.00 and is entitled to recover the same from Plaintiff Scott E. Dimmick.

## COUNT TWO
## BREACH OF CONTRACT
### (Profit Agreement)

26. Individual Defendants reallege and incorporate their responses to the allegations in Plaintiffs' Complaint, Defendants' affirmative defenses and paragraphs 1-25 of these Counterclaims above as if set forth fully herein.

27. A valid contract exists between Plaintiff Scott E. Dimmick and Defendant Emerson L. Dimmick in the form of the Profit Agreement.

28. Defendant Emerson L. Dimmick performed in accordance with the Profit Agreement.

29. Plaintiff Scott E. Dimmick has failed to abide by one or more material terms of the Profit Agreement and has breached the Profit Agreement.

30. Plaintiff Scott E. Dimmick's retention of all profits, repayment to himself of his capital contributions and purchasing for himself a Porsche out of SIS funds breached the Profit Agreement as it deprived Defendant Emerson L. Dimmick of his share of the SIS profits.

31. As a direct and proximate result of Plaintiff Scott E. Dimmick's material breach, Defendant Emerson L. Dimmick has been damaged in an amount to be determined at trial and is entitled to recover the same from Plaintiff Scott E. Dimmick.

## COUNT THREE
## CONVERSION
(*In the Alternative*)

32. Individual Defendants reallege and incorporate their responses to the allegations in Plaintiffs' Complaint, Defendants' affirmative defenses and paragraphs 1-31 of these Counterclaims above as if set forth fully herein.

33. In the event it is determined that the Agreement does, in fact, contain the "Entire Agreement" between the parties, then Individual Defendants are Sellers under the Agreement and entitled to an equal share of the proceeds of the Agreement.

34. At the time Plaintiffs came into possession of the payments pursuant to the Agreement, Plaintiffs knew that one-half of the payment amount was the property of Individual Defendants as "Sellers" pursuant to the Agreement.

35. Plaintiffs wrongfully converted Individual Defendants' share to their own use by:

   a. Exercising an unauthorized right of ownership over Individual Defendants' share of the proceeds; and

   b. Excluding Individual Defendants from exercising their rights of ownership over their share of the proceeds without authorization.

36. As a direct and proximate result of Plaintiffs' conversion, Individual Defendants have suffered damages in the amount of $297,686.00 and are entitled to recover the same from Plaintiffs.

## **GENERAL PRAYER FOR RELIEF**

**WHEREFORE**, Defendants respectfully request the entry of an appropriate Order or Judgment as follows:

(A)   That the Court dismiss Plaintiffs' action with prejudice so that Plaintiffs have and recover nothing from Defendants.

(B)   That the Court deny Plaintiffs any and all relief requested so that Plaintiffs have and recover nothing from Defendants.

(C)   That Defendant Emerson L. Dimmick have and recover from Plaintiff Scott E. Dimmick the sum of $300,000.00 plus interest from the time of the breach for breach of the Compensation Agreement;

(D)   That Defendant Emerson L. Dimmick have and recover from Plaintiff Scott E. Dimmick a sum to be determined for the breach of the Profit Agreement;

(E)   That Individual Defendants have and recover from Plaintiffs the sum of $297,686.00 for their conversion of Individual Defendants' share of the proceeds of the Agreement;

(F)   That Defendants be entitled to recover its costs and attorneys' fees, as permitted by law; and

(G)   For such other and further relief as the Court deems just and proper.

This the 2nd day of December, 2021.

  /s/  Ryan B. Tiede
James P. Galvin
State Bar No. 33933
Ryan B. Tiede
State Bar No. 43258
Thurman, Wilson, Boutwell & Galvin, P.A.
301 S. McDowell Street, Suite 608
Charlotte, North Carolina 28204
P: (704) 377-4164
F: (704) 377-5503
james@twbglaw.com
ryan@twbglaw.com
*Attorneys for the Defendants*

Civil Action No.: 3:21-cv-00459-FDW-DCK

| | |
|---|---|
| SCOTT E. DIMMICK and<br>JODIE C. DIMMICK,<br><br>                       Plaintiffs,<br><br>vs.<br><br>PARTNERS INSURANEC AGENCY, INC., EMERSON L. DIMMICK and KAREN A. DIMMICK,<br><br>                       Defendants. | |

## CERTIFICATE OF SERVICE

I hereby certify that on the 2nd day of December, 2021, I electronically filed the foregoing Answer with the Clerk of Court using the CM/ECF system which will send notification of such filing to the following: counsel for Plaintiffs.

Respectfully Submitted,

                                                      /s/ Ryan B. Tiede
                                                      James P. Galvin
                                                      State Bar No. 33933
                                                      Ryan B. Tiede
                                                      State Bar No. 43258
                                                      Thurman, Wilson, Boutwell & Galvin, P.A.
                                                      301 S. McDowell Street, Suite 608
                                                      Charlotte, North Carolina 28204
                                                      P: (704) 377-4164
                                                      F: (704) 377-5503
                                                      james@twbglaw.com
                                                      ryan@twbglaw.com
                                                      *Attorneys for the Defendants*