# IN THE UNITED STATES DISTRICT COURT
## FOR THE WESTERN DISTRICT OF NORTH CAROLINA

Scott E. Dimmick and   :
Jodie C. Dimmick,    :
          :
     Plaintiffs, :
          :
  vs.       :  No. 3:21-cv-00459-FDW-DCK
          :
Partners Insurance Agency, Inc., :  JURY TRIAL DEMANDED
Emerson L. Dimmick, and  :
Karen A. Dimmick,    :
          :
     Defendants. :

---

### Brief in Support of Motion of Plaintiffs Scott E. Dimmick and Jodie C. Dimmick for Leave to File Amended Complaint

Plaintiffs Scott E. Dimmick and Jodie C. Dimmick (collectively "Plaintiffs") by undersigned counsel file this brief in support of their motion for leave to file an amended complaint in this matter against Defendants Partners Insurance Agency, Inc., Emerson L. Dimmick and Karen A. Dimmick (collectively "Defendants") pursuant to Federal Rule of Civil Procedure 15.

## I.  Procedural Posture

This case originated in the Middle District of Pennsylvania ("Middle District") when Plaintiffs filed a complaint on February 26, 2021, stating various causes of action against Defendants. The case was transferred to this Court by order of the Middle District of Pennsylvania dated August 31, 2021.

On December 2, 2021, Defendants filed an answer and counterclaims to Plaintiffs' complaint. In the answer and counterclaims, Defendants challenged Plaintiffs' entitlement to payment under a contract which was attached as Exhibit A to the complaint. On June 13, 2022 the Court dismissed one of defendants' stated counterclaims, to wit, Count III for conversion. ECF Doc. #35.

On August 9, 2022, the Court entered a case management order granting the parties until October 3, 2022, to file a motion for leave to amend the pleadings. ECF Doc. #40.

Plaintiffs desire to file an amended pleading to plead supplemental facts and seek relief in the alternative, which alternative causes of action are based upon arguments Defendants have raised in their answer with affirmative defenses. Attached to Plaintiffs' motion as Exhibit A is a proposed amended complaint Plaintiffs wish to file.

## II.    Issue Presented

Whether the Court should grant leave for Plaintiffs to file an amended complaint.

## III.    Argument

Federal Rule of Civil Procedure 15 states in relevant part, "The court should freely give leave [to amend a pleading] when justice so requires." Fed. R. Civ. P.

15(a)(2).  This rule expresses a "liberal amendment" standard.  *Goodman v. Praxair, Inc.*, 494 F.3d 458, 467 (4th Cir. 2007).

The proposed amended complaint adds some additional contextual facts to the matters pleaded in the original complaint, and adds two causes of action in the alternative.  In the proposed amended complaint Plaintiffs attach an email exchange between two of the parties—Plaintiff Jodie Dimmick and Defendant Emerson Dimmick—which bolsters Plaintiffs' claim of liability against one or more Defendants.

The first alternate claim Plaintiffs wish to state asserts that Defendant Emerson Dimmick is liable to Plaintiff Scott Dimmick for payments pursuant to joint ownership under a separate limited liability company for which there was no written operating agreement.  See proposed Count IV (breach of contract against Emerson Dimmick).  The second alternate claims seeks reformation of the contract attached as Exhibit A to the proposed amended complaint (which was also Exhibit A to the original complain) if Defendants should argue (as their answer and affirmative defenses suggest) that there is no obligation for payments to be made to Plaintiffs under the parties' agreement as written.  See proposed Count V (reformation).

Although not strictly legally necessary for amendment, Plaintiffs note that the contents of the proposed amended complaint relate back to the date of the

original pleading because they assert claims that rose out of "the conduct, transaction, or occurrence set out—or attempted to be set out—in the original pleading[.]"  See Fed. R. Civ. P. 15(c)(1)(B).  Accordingly, the proposed amendment satisfies both the "liberal amendment" standard of Federal Rule of Civil Procedure 15(a) generally, the general policy goal of the administration of cases to secure their just determination under Federal Rule of Civil Procedure 1, as well as the relation back provisions of Federal Rule of Civil Procedure 15(c).  *Goodman v. Praxair, Inc.*, 494 F.3d 458, 467 (4th Cir. 2007) (citing *Foman v. Davis,* 371 U.S. 178, 181 (1962); Fed. R. Civ. P. 1, 15(a)).  See also *Krupski v. Costa Crociere S. p. A.*, 560 U.S. 538, 541 (2010) ("Rule 15(c) of the Federal Rules of Civil Procedure governs when an amended pleading "relates back" to the date of a timely filed original pleading and is thus itself timely even though it was filed outside an applicable statute of limitations.").  Moreover, the present motion is filed in accordance with the Court's scheduling order for the filing of all such requests for amendment by October 3, 2022.  ECF Doc. #40.

WHEREFORE, Plaintiffs pray the Court to grant leave to plaintiffs to file an amended complaint substantially in the form attached hereto.

Respectfully submitted,                    Respectfully submitted,

**STAM LAW FIRM**                          **METTE, EVANS & WOODSIDE**

By:   /s/ R. Daniel Gibson          By:   /s/ Aaron D. Martin
      R. Daniel Gibson                    Aaron D. Martin
      N.C. State Bar No. 49222            PA Atty. I.D. No. 76441
      510 W. Williams Street              3401 North Front Street
      Apex, NC 27502                      Harrisburg, PA  17110
      (919) 362-8873 (phone)              (717) 232-5000 (phone)
      (919) 387-7329 (fax)                (717) 236-1816 (fax)
      dan@stamlawfirm.com                 admartin@mette.com
      *Attorneys for Plaintiffs*          *Attorneys for Plaintiffs*
                                          *Pro Hac Vice*

Date: October 3, 2022.

5