THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF NORTH CAROLINA
CHARLOTTE DIVISION

SCOTT E. DIMMICK and
JODIE C. DIMMICK,

          Plaintiffs,

vs.

PARTNERS INSURANCE AGENCY,
INC., EMERSON L. DIMMICK, and
KAREN A. DIMMICK,

          Defendants.

**Civil Action No. 3:21-cv-00459-FDW-DCK**

**ANSWER TO AMENDED COMPLAINT AND COUNTERCLAIMS**

**NOW COMES** Defendants Partners Insurance Agency, Inc., Emerson L. Dimmick, and Karen A. Dimmick (collectively "Defendants"), by and through undersigned counsel, responding to Plaintiffs' Amended Complaint and sets forth as follows:

**FIRST DEFENSE AND ANSWER**

**PURSUANT** to Rules 8 and 12(a) of the Federal Rules of Civil Procedure, Defendants answer Plaintiffs' Amended Complaint as follows:

1. Admitted.

2. Admitted.

3. Admitted.

4. Admitted.

5. Denied.

6. It is admitted that Defendant Emerson (as defined in Plaintiffs' Amended Complaint) was the sole equity owner of Partners Insurance (as defined in Plaintiffs' Amended Complaint).

7. The allegations contained in paragraph 7 are a conclusion of law and no response is required. To the extent a response is required, the allegations contained in paragraph 7 are admitted.

8. The allegations contained in paragraph 8 are a conclusion of law and no response is required. To the extent a response is required, the allegations contained in paragraph 8 are admitted.

9. Admitted.

10. It is admitted that the face of Plaintiffs' Amended Complaint seeks equitable relief and monetary damages in excess of $75,000.00. Except as expressly admitted, denied.

11. It is admitted that Plaintiff Scott (as defined in Plaintiffs' Amended Complaint) and Defendant Emerson were shareholders of Stanly Insurance Services, LLC. Except as expressly admitted, denied.

12. It is admitted that Exhibit A to Plaintiffs' Amended Complaint is in writing and speaks for itself. To the extent the allegations contained in paragraph 12 conflict with the contents thereof, those allegations are denied. Except as expressly admitted, denied.

13. It is admitted that the Agreement was not written by a lawyer. It is further admitted that Defendant Emerson did not have an attorney advising him with respect to the Agreement (as defined in Plaintiffs' Amended Complaint). Defendants are without sufficient knowledge or information to form an opinion or belief as to the truth of the remaining allegations contained in paragraph 13, and the same are, therefore, denied. Except as expressly admitted, denied.

14. It is admitted that Plaintiffs and Individual Defendants (as defined in Plaintiffs' Amended Complaint) signed the Agreement. Except as expressly admitted, denied.

15. It is admitted that Exhibit A to Plaintiffs' Amended Complaint is in writing and speaks for itself. To the extent the allegations contained in paragraph 15 conflict with the contents thereof, those allegations are denied. Except as expressly admitted, denied.

16. It is admitted that Exhibit A to Plaintiffs' Amended Complaint is in writing and speaks for itself. To the extent the allegations contained in paragraph 16 conflict with the contents thereof, those allegations are denied. Except as expressly admitted, denied.

17. It is admitted that Plaintiff Scott and Defendant Emerson discussed the valuation of the company and the terms of the Agreement. Except as expressly admitted, denied.

18. Admitted.

19. It is admitted that Defendant Partners Insurance ceased making payments to Plaintiffs. Except as expressly admitted, denied.

20. It is admitted that some payments for the life insurance were not timely paid, but that they were paid. Except as expressly admitted, denied.

21. It is admitted that Exhibit B to Plaintiffs' Amended Complaint is in writing and speaks for itself. To the extent the allegations contained in paragraph 21 conflict with the contents thereof, those allegations are denied. Except as expressly admitted, denied.

22. Denied.

23. Denied.

24. It is admitted that Exhibit B to Plaintiffs' Amended Complaint is in writing and speaks for itself. To the extent the allegations contained in paragraph 24 conflict with the contents thereof, those allegations are denied. Except as expressly admitted, denied.

25. It is admitted that Exhibit B to Plaintiffs' Amended Complaint is in writing and speaks for itself. To the extent the allegations contained in paragraph 25 conflict with the contents thereof, those allegations are denied. Except as expressly admitted, denied.

26. It is admitted that Exhibit B to Plaintiff's Amended Complaint is in writing and speaks for itself. To the extent the allegations contained in paragraph 26 conflict with the contents thereof, those allegations are denied. Except as expressly admitted, denied.

27. It is admitted that Exhibit B to Plaintiffs' Amended Complaint is in writing and speaks for itself. To the extent the allegations contained in paragraph 27 conflict with the contents thereof, those allegations are denied. Except as expressly admitted, denied.

28. Denied.

29. It is admitted that Defendant Partners Insurance (as "Buyer" under the Agreement) make payments to Plaintiff and premiums to Plaintiff Scott's life insurance. Except as expressly admitted, denied.

30. Denied.

31. Denied.

32. Denied.

33. It is admitted that any delinquent life insurance payments were made. Except as expressly admitted, denied.

34. Denied.

35. Defendants reallege and incorporate their responses to paragraphs 1-34 above as if set forth fully herein.

36. The allegations contained in paragraph 36 are a conclusion of law and no response is required. To the extent a response is required, the allegations contained in paragraph 36 are denied.

37. It is admitted that Exhibit A to Plaintiffs' Amended Complaint is in writing and speaks for itself. To the extent the allegations contained in paragraph 37 conflict with the contents thereof, those allegations are denied. Except as expressly admitted, denied.

38. Denied.

39. It is admitted that Exhibit A to Plaintiffs' Amended Complaint is in writing and speaks for itself. To the extent the allegations contained in paragraph 39 conflict with the contents thereof, those allegations are denied. Except as expressly admitted, denied.

40. Denied.

41. Denied.

42. Denied.

43. Defendants reallege and incorporate their responses to paragraphs 1-42 above as if set forth fully herein.

44. Denied.

45. Denied.

46. Denied.

47. Defendants reallege and incorporate their responses to paragraphs 1-46 above as if set forth fully herein.

48. Denied.

49. Denied.

50. Defendants reallege and incorporate their responses to paragraphs 1-50 above as if set forth fully herein.

51. The allegations contained in paragraph 51 do not call for a response from Defendants. To the extent a response is required, the allegations contained in paragraph 51 are denied.

52. It is admitted that Exhibit A to Plaintiffs' Amended Complaint is in writing and speaks for itself. To the extent the allegations contained in paragraph 52 conflict with the contents thereof, those allegations are denied. Except as expressly admitted, denied.

53. It is admitted that Exhibit A to Plaintiffs' Amended Complaint is in writing and speaks for itself. To the extent the allegations contained in paragraph 53 conflict with the contents thereof, those allegations are denied. Except as expressly admitted, denied.

54. It is admitted that the proceeds would be the property of those entities and individuals identified as "Sellers" therein. Except as expressly admitted, denied.

55. Admitted.

56. Admitted.

57. It is admitted that Stanly Insurance Services' managers, members or both decided on what each member or manager was entitled to following the sale. Except as expressly admitted, denied.

58. Denied.

59. Defendants reallege and incorporate their responses to paragraphs 1-58 above as if set forth fully herein.

60. Denied.

61. The allegations contained in paragraph 61 are a conclusion of law and require no response. To the extent a response is required, the allegations contained in paragraph 61 are denied.

62. Denied.

63. Admitted.

64. Denied.

65. Denied.

66. It is admitted that Exhibit A to Plaintiffs' Amended Complaint is in writing and speaks for itself. To the extent the allegations contained in paragraph 66 conflict with the contents thereof, those allegations are denied. Except as expressly admitted, denied.

67. It is admitted that Exhibit A to Plaintiffs' Amended Complaint is in writing and speaks for itself. To the extent the allegations contained in paragraph 67 conflict with the contents thereof, those allegations are denied. Except as expressly admitted, denied.

68. Denied.

69. Denied.

## SECOND DEFENSE
## MOTION TO DISMISS

**PURSUANT** to Rule 12(b)(6) of the Federal Rules of Civil Procedure, Defendants respectfully move this Court for a dismissal in that Plaintiffs' Amended Complaint fails to state a claim upon which relief may be granted.

## THIRD DEFENSE
## AFFIRMATIVE DEFENSE

**PURSUANT** to Rule 8 of the Federal Rules of Civil Procedure, Defendants set forth the defense of unclean hands.

## FOURTH DEFENSE
## AFFIRMATIVE DEFENSE

**PURSUANT** to Rule 8 of the Federal Rules of Civil Procedure, Defendants set forth the defense of lack of any unjust enrichment by Individual Defendants.

## FIFTH DEFENSE
## AFFIRMATIVE DEFENSE

**PURSUANT** to Rule 8 o the Federal Rules of Civil Procedure, Defendants set forth the defense of lack of any interference by Individual Defendants in any contract between Plaintiffs and Defendant Partners Insurance.

## SIXTH DEFENSE
## AFFIRMATIVE DEFENSE

**PURSUANT** to Rule 8 o the Federal Rules of Civil Procedure, Defendants set forth the defense that performance under the Agreement was excused by virtue of Plaintiffs' material breach of the same.

## SEVENTH DEFENSE
## AFFIRMATIVE DEFENSE

**PURSUANT** to Rule 8 of the Federal Rules of Civil Procedure, Defendants set forth the defense of a lack of any breach of contract.

## EIGHTH DEFENSE
## AFFIRMATIVE DEFENSE

**PURSUANT** to Rule 8 of the Federal Rules of Civil Procedure, Defendants set forth the defense that any award to Plaintiffs should be offset by amounts owed to Individual Defendants as "Sellers" under the Agreement.

## NINTH DEFENSE
## AFFIRMATIVE DEFENSE

**PURSUANT** to Rule 8 of the Federal Rules of Civil Procedure, Defendants set forth and preserve any and all other defenses and other affirmative defenses that may arise based on information hereinafter discovered.

## TENTH DEFENSE
## JUDGMENT ON THE PLEADINGS

**PURSUANT** to Rule 12© of the Federal Rules of Civil Procedure, Defendants move for Judgment on the Pleadings.

## COUNTERCLAIMS OF DEFENDANT EMERSON AGAINST PLAINTIFF SCOTT

**PURSUANT** to Rules 7 and 13 of the Federal Rules of Civil Procedure, Defendant Emerson sets forth counterclaims against Plaintiff Scott and in support thereof alleges and sets forth as follows:

## FACTS

1. Defendant Emerson realleges and incorporates his responses to the allegations of Plaintiffs' Amended Complaint and Defendants' affirmative defenses above as if set forth fully herein.

2. Plaintiff Scott and Defendant Emerson started Stanly Insurance Services, LLC ("SIS") in 2006.

3. SIS was formed with equal ownership between Plaintiff Scott and Defendant Emerson by oral agreement whereby each held a one-half (1/2) interest in the business and its profits ("Profit Agreement").

4. Plaintiff Scott demanded that he be reimbursed for his capital contributions to the start of the business before Defendant Emerson would be permitted to receive any profits from SIS.

5. Plaintiff Scott did, in fact, secure repayment of his contributions prior to Defendant Emerson receiving any funds from SIS.

6. After Plaintiff Scott secured repayment of his contributions, he then demanded that SIS purchase for him a Porsche and for SIS to pay all costs associated with ownership of the vehicle.

7. SIS did purchase Plaintiff Scott a Porsche prior to repaying any of Defendant Emerson's contributions.

8. In an effort to appease Defendant Emerson, Plaintiff Scott made promises that SIS would also purchase Defendant Emerson a luxury vehicle.

9. During the course of conduct as described in paragraphs 3-8 of this Counterclaim, Plaintiff Scott and Defendant Emerson understood the terms of the Profit Agreement to include that Plaintiff Scott would be permitted to profit from the operation of SIS initially, but Defendant Emerson would thereafter be entitled to receive the same benefits first accorded to Plaintiff Scott.

10. Plaintiff Scott never followed through on this promise to share profits, purchase Defendant Emerson a luxury vehicle (e.g., a Porsche 911), or otherwise ensure Defendant Emerson ultimately received an equal share of the SIS profits pursuant to the Profit Agreement.

11. At all relevant time, Defendant Emerson was primarily responsible for the day-to-day operations of SIS, and Plaintiff Scott made no meaningful contributions to the operations of SIS.

12. Despite Defendant Emerson's work, SIS did not pay Defendant Emerson a salary or any form of compensation from 2006 to 2016, meanwhile Plaintiff Scott retained all the profits from SIS.

13. In 2016, Plaintiff Scott agreed to pay Defendant Emerson $600,000.00 to compensate him for his continued work for SIS ("Compensation Agreement").

14. The Compensation Agreement was a separate and distinct agreement from the Profit Agreement and was meant to compensate Defendant Emerson for the value of his work as an employee of SIS.

15. Plaintiff Scott did make the agreed upon payments to Defendant Emerson in 2016 and 2017 for $100,000.00 each but failed to or refused to make timely thereafter.

16. The Agreement does not contain the "Entire Agreement" of Parties as appears in Paragraph 8.e. of the same.

17. The conduct of the Parties in the performance of the Agreement and the operation of SIS makes clear there were understandings and agreements that were not incorporated into the written Agreement and are enforceable among the Parties including, without limitation, the Profit Agreement and the Compensation Agreement.

18. Specifically, payments pursuant to the Agreements were remitted solely to Plaintiffs and no payments were made to Individual Defendants as "Sellers" under the Agreement."

19. In the event the Agreement does contain the "Entire Agreement." the following are true based upon a fair reading of the four corners of the Agreement:

   a. Pursuant to the Agreement, Individual Defendants are identified as "Sellers."

   b. Pursuant to the Agreement, Defendant Partners Insurance is the sole entity identified as "Buyer."

   c. Plaintiffs' Amended Complaint concedes that Plaintiffs are the only parties identified as "Sellers" under the Agreement who have received any proceeds.

   d. Individual Defendants are entitled to an equal share of the proceeds from the Agreement.

## COUNT ONE
## BREACH OF CONTRACT
**(Compensation Agreement)**

20. Defendant Emerson realleges and incorporates his responses to the allegations of Plaintiffs' Amended Complaint, Defendants' affirmative defenses, and paragraphs 1-19 of this Counterclaim above as if set forth fully herein.

21. A valid contract exists between Plaintiff Scott and Defendant Emerson in the form of the Compensation Agreement.

22. Defendant Emerson performed in accordance with the Compensation Agreement.

23. The time had come for Plaintiff Scott to perform under the Compensation Agreement and there were no conditions precedent to his performance and/or any such conditions had been met.

24. Plaintiff Scott has failed to abide by one or more material terms of the Compensation Agreement and has breached the Compensation Agreement.

25. Plaintiff Scott's failure and/or refusal to pay the remaining $300,000.00 owed to Defendant Emerson is a material breach of the Compensation Agreement.

26. Defendant Emerson has not consented to or otherwise waived Plaintiff Scott's material breach of the Compensation Agreement.

27. As a direct and proximate result of Plaintiff Scott's material breach, Defendant Emerson has suffered damages in the amount of $400,000.00 and is entitled to recover the same from Plaintiff Scott.

## COUNT TWO
## BREACH OF CONTRACT
**(Profit Agreement)**

28. Defendant Emerson realleges and incorporates his responses to the allegations of Plaintiffs' Amended Complaint, Defendants' affirmative defenses, and paragraphs 1-27 of this Counterclaim above as if set forth fully herein.

29. A valid contract exists between Plaintiff Scott and Defendant Emerson in the form of the Profit Agreement.

30. Defendant Emerson performed in accordance with the Profit Agreement.

31. The time had come for Plaintiff Scott to perform under the Profit Agreement and there were no conditions precedent to his performance and/or any such conditions had been met.

32. Plaintiff Scott has failed to abide by one or more material terms of the Profit Agreement and has breached the Profit Agreement.

33. Plaintiff Scott's retention of all profits, repayment to himself of his capital contributions, and purchasing for himself a Porsche out of SIS funds breached the Profit Agreement as it deprived Defendant Emerson of his share of the SIS profits.

34. Defendant Emerson has not consented to or otherwise waived Plaintiff Scott's material breach of the Profit Agreement.

35. As a direct and proximate result of Plaintiff Scott's material breach, Defendant Emerson has suffered damages in an amount to be determined at trial and is entitled to recover the same from Plaintiff Scott.

## **GENERAL PRAYER FOR RELIEF**

**WHEREFORE**, Defendants respectfully request the entry of an appropriate Order or Judgment as follows:

(A) That the Court dismiss Plaintiffs' action with prejudice so that Plaintiffs have and recover nothing from Defendants.

(B) That the Court deny Plaintiffs any and all relief requested so that Plaintiffs have an recover nothing from Defendants.

(C) That Defendant Emerson have and recover from Plaintiff Scott the sum of $300,000.00, plus interest from the time of the breach, for Plaintiff Scott's breach of the Compensation Agreement.

(D) That Defendant Emerson have and recover from Plaintiff Scott a sum to be determined at trial, plus interest from the time of the breach, for Plaintiff Scott's breach of the Profit Agreement.

(E) That Defendants be entitled to recover their costs and attorneys' fees, as permitted by law.

(F) That Defendants have such other and further relief as the Court deems just and proper.

This the 29th day of November, 2022.

    /s/ Ryan B. Tiede
James P. Galvin
State Bar No. 33933
Ryan B. Tiede
State Bar No. 43258
Thurman, Wilson, Boutwell & Galvin, P.A.
301 S. McDowell Street, Ste. 608
Charlotte, North Carolina 28204
P: (704) 377-4164
F: (704) 377-5503
james@twbglaw.com
ryan@twbglaw.com
*Attorney for the Defendants*

THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF NORTH CAROLINA
CHARLOTTE DIVISION

| | |
|---|---|
| SCOTT E. DIMMICK and<br>JODIE C. DIMMICK,<br><br>       Plaintiffs,<br><br>vs.<br><br>PARTNERS INSURANCE AGENCY,<br>INC., EMERSON L. DIMMICK, and<br>KAREN A. DIMMICK,<br><br>       Defendants. | **Civil Action No. 3:21-cv-00459-FDW-DCK** |

## CERTIFICATE OF SERVICE

I hereby certify that on the 29th day of November, 2022, I electronically filed the foregoing Answer to Amended Complaint and Counterclaims using the CM/ECF system which will send a notification of filing to counsel for the Plaintiffs.

Respectfully Submitted,

      /s/ Ryan B. Tiede
James P. Galvin
State Bar No. 33933
Ryan B. Tiede
State Bar No. 43258
Thurman, Wilson, Boutwell & Galvin, P.A.
301 S. McDowell Street, Ste. 608
Charlotte, North Carolina 28204
P: (704) 377-4164
F: (704) 377-5503
james@twbglaw.com
ryan@twbglaw.com
*Attorney for the Defendants*