# UNITED STATES DISTRICT COURT
# WESTERN DISTRICT OF NORTH CAROLINA
# CHARLOTTE DIVISION
# CASE NO. 3:21-CV-00459-FDW-DCK

| | |
|---|---|
| JODIE C. DIMMICK<br>SCOTT E. DIMMICK,<br><br>  Plaintiffs,<br><br>v.<br><br>PARTNERS INSURANCE AGENCY, INC.<br>EMERSON L. DIMMICK<br>KAREN A. DIMMICK,<br><br>  Defendants. | **ORDER and NOTICE OF HEARING** |

**THIS MATTER** is before the Court on the Motion for Judgment on the Pleadings, (Doc. No. 50). This matter has been fully briefed, (Doc. Nos. 51, 52), and is ripe for ruling. Having carefully considered the motion and the record, the undersigned DENIES the motion.

In short, Plaintiffs' have failed to carry their burden to demonstrate they are entitled to judgment on the pleadings for Defendants' counterclaims. Federal Rule of Civil Procedure 12(c) allows a party to move for judgment on the pleadings when it would not delay trial. FED. R. CIV. P. 12(c). "A motion for judgment on the pleadings under Rule 12(c) is assessed under the same standards as a motion to dismiss under Rule 12(b)(6)." Occupy Columbia v. Haley, 738 F.3d 107, 115 (4th Cir. 2013) (citing Edwards v. City of Goldsboro, 178 F.3d 231, 243 (4th Cir. 1999)). Therefore, under Rule 12(c), a claim must be dismissed when a claimant's allegations fail to set forth a set of facts which, if true, would entitle the claimant to relief. Bell Atl. Corp. v. Twombly, 550 U.S. 544, 555 (2007); Ashcroft v. Iqbal, 556 U.S. 662, 679 (2009) (holding that a claim must be facially plausible in order to survive a motion to dismiss). "[T]o satisfy the plausibility standard,

1

Case 3:21-cv-00459-FDW-DCK   Document 53   Filed 04/24/23   Page 1 of 3

a plaintiff is not required to plead factual allegations in great detail, but the allegations must contain sufficient factual heft to allow a court, drawing on judicial experience and common sense, to infer more than the mere possibility of that which is alleged." Nanni v. Aberdeen Marketplace, Inc., 878 F.3d 447, 452 (4th Cir. 2017) (internal quotation marks omitted). When considering a motion for judgment on the pleadings, as with a motion to dismiss, the Court is "obliged to accept the . . . factual allegations as true and draw all reasonable inferences in favor of the [non-moving party]." Feminist Majority Found. v. Hurley, 911 F.3d 674, 685 (4th Cir. 2018). "However, the court need not accept the legal conclusions drawn from the facts, and need not accept as true unwarranted inferences, unreasonable conclusions, or arguments." Monroe v. City of Charlottesville, Va., 579 F.3d 380, 385–86 (4th Cir. 2009) (internal citations and quotations omitted). Here, drawing all reasonable inferences in Defendants' favor, the Court concludes Plaintiffs are not entitled to judgment on the pleadings as to Defendants' counterclaims. This ruling is without prejudice to the parties' ability to reassert their arguments—along with any supporting evidence—at trial.

In August 2022, this Court issued a Case Management Order setting trial for May 1, 2023. (Doc. No. 40). The Court intends to proceed as scheduled with docket call on May 1 and jury selection on May 2, 2023, with trial to begin thereafter in the order set by the Court at docket call. The parties' jointly-prepared pretrial submissions required under this Court's standing orders, see Doc. No. 40, shall be due on **Friday, April 28, 2023**. The deadlines for filing of motions in limine as set forth in the Case Management Order shall remain in place.

**TAKE NOTICE** that a pretrial conference will take place immediately following docket call on Monday, May 1, 2023, at 9:15 a.m. in Courtroom #5B of the Charles R. Jonas Federal Building, 401 W. Trade Street, Charlotte, North Carolina, 28202.

**IT IS, THEREFORE, ORDERED** that the Motion for Judgment on the Pleadings, (Doc. No. 50), is DENIED.

**IT IS SO ORDERED.**

Signed: April 24, 2023

Frank D. Whitney
United States District Judge